### R. S. WILLIAMS, Appellant,

### v.

### COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 2, 1965.

H. M. Tye, Barbourville, for appellant.

Robert Matthews, Atty. Gen., Henri L. Mangeot, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant was the county treasurer of Knox County during the fiscal year ending June 30, 1963. In this proceeding he was convicted and fined $50 under an indictment charging him with failure to publish a financial statement in the time and manner directed by KRS 424.220.

In this appeal, which has been granted on motion, he does not contend that he was not required under the law to publish the statement. His main point is that the evidence was insufficient to support a conviction and that his motion for a directed verdict should have been sustained.

KRS 424.220 requires that the statement in question be published within 60 days after the expiration of the fiscal year, "in a newspaper qualified under KRS 424.120."

Broadly speaking, the qualifications of a newspaper under KRS 424.120 are that it (1) be published in the publication area (in this instance, Knox County), (2) be of regular issue and have the largest bona fide circulation in the publication area, and (3) "bear a title or name, consist of not less than four pages without a cover, be of a type to which the general public resorts for pass-

ing events of political, religious, commercial and social nature," and so on. If there is not any qualified newspaper in the county, the statement may be advertised in a qualified newspaper published in an adjoining county.

In a nutshell, the case here is that the Commonwealth proved that the appellant did not within due season publish his statement in the Barbourville Mountain Advocate, but failed to prove that this newspaper possessed the qualifications required by KRS 424.120. Here is the whole testimony on the latter point:

Q— "State your name to the jury?"

A— "C. A. Wilson."

Q— "What is your business?"

A— "I'm the publisher of the local newspaper."

Q— "And what is the name of the local newspaper?"

A— "The Barbourville Mountain Advocate."

Q— "Is that the newspaper with the largest circulation?"

A— "Yes, it is."

■ Appellant's motion for a directed verdict at the close of the Commonwealth's evidence having been overruled, he took the stand in his own defense and testified that he had published the financial statement in the Barbourville Mountain Advocate in April of 1964. During the course of certain questioning by way of avowal he gave answers that could fairly be construed as admitting that at no time prior to April of 1964 did he have his report published, either in the Mountain Advocate or any other publication. If this testimony had been given in the presence of the jury there would be a valid basis for the argument that the Commonwealth's failure to prove that the Mountain Advocate was the KRS 424.120–qualified newspaper for Knox County was cured by appellant's admission that he had not published it at all. However, it is elementary that when a person is tried by a jury on a plea of not guilty, a verdict against him cannot be sustained on the basis of information not heard by the jury. Nor can we accept the Commonwealth's argument that the jurors of the community can be presumed to have known that the Mountain Advocate possessed the qualifications set forth in KRS 424.120.

■ It is our opinion that the evidence was not sufficient to prove the newspaper's qualifications. We do not suggest that each little item enumerated in the statute must have been repeated in the form of a question or questions propounded to Mr. Wilson. No doubt he was quite familiar with the requirements of the statute and, if so, it would have been enough for him to say that his paper was the one that met those requirements for Knox County, the publication area, throughout the 60-day period in which the financial statement was directed to be published.

The judgment is reversed with directions that appellant be granted a new trial.